OPINION
On February 7, 1997, Detective Scott Jones of the Fairfield County Sheriff's Office obtained a search warrant to search the home of Robert Dean Wise at 900 Lincoln Avenue, Lancaster, Ohio. Mr. Wise's wife, appellant, Deborah L. Wise, was noted in the affidavit attached to the search warrant as a resident of the home. Said warrant authorized the search and seizure of methamphetamine and items used in the use and sale of controlled substances. Upon execution of the warrant, detectives discovered a small baggie containing a white powdery substance in a dark handbag on the floor of the master bedroom.
On February 21, 1997, the Fairfield County Grand Jury indicted appellant on one count of possession of drugs in violation of R.C. 2925.11(A). On May 19, 1997, appellant filed a motion to suppress claiming the search of the handbag was beyond the scope of the warrant. A hearing was held on June 11, 1997. By judgment entry filed August 20, 1997, the trial court denied the motion.
On December 9, 1997, appellant pled no contest and the trial court found appellant guilty. By judgment entry filed January 15, 1998, the trial court sentenced appellant to six months in jail, suspended appellant's driver's license for six months and imposed community control sanctions for five years.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 IT IS RESPECTFULLY SUBMITTED THAT THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS CERTAIN EVIDENCE SEIZED FROM THE APPELLANT'S PURSE DURING THE EXECUTION OF THE SEARCH WARRANT ON FEBRUARY 7, 1997.
 I
Appellant claims the trial court erred in denying her motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v.Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93;State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as general matter determinations of reasonable suspicion and probable cause should be reviewed de novo
on appeal."
Appellant argues the detectives had no right to search her handbag because there was no probable cause and because of the holding in Ybarra v. Illinois (1979), 444 U.S. 85. In Ybarra at fn. 4, the United States Supreme Court held "a warrant to search a place cannot normally be construed to authorize a search of each individual in that place."
The search warrant sub judice authorized the search of "[t]he residence of Robert Dean Wise located at 900 Lincoln Avenue, Lancaster, Ohio, being a two-story white framed residence with detached gray framed single-story workshop." Said warrant described the property subject to search and seizure as "[m]ethamphetamine, cocaine, other controlled substances, drug paraphernalia, books, records, currency and other items used in the use, sale and preparation for sale of controlled substances."
At the suppression hearing, Detective Jones testified methamphetamine and cocaine could be easily hidden anywhere. T. at 10. It was not unusual to find these items hidden in purses, wallets, boxes, footlockers and even film canisters. T. at 11.
Upon execution of the warrant, detectives found appellant and her husband in bed in the master bedroom. T. at 13. Appellant was removed from the bedroom and taken downstairs to the living room. T. at 15. Appellant's handbag was located on the floor of the master bedroom approximately one to two feet from her side of the bed. T. at 14. Detective Tony Story described the search of the handbag as follows:
 A I searched the waterbed itself — well, actually, the night stand itself and the waterbed. I come to the other side of the bed and I noticed a small handbag, dark in color. I opened it. I don't remember if it had a snap or a drawstring or a zipper, but I dumped its contents onto the bed and started to go through receipts and pieces of paper. And I found, I believe, a picture ID of Mrs. Wise.
 Q. Did you have reason to believe when you looked at that purse that that might be a container or a receptacle that could contain some of the objects listed in the search warrant?
A. Possibly, yeah.
 Q You mentioned then that you dumped some contents on the bed. What happened next?
 A After that, I looked inside the purse to double-check that there was nothing left inside and I found a small pouch inside the purse with a zipper. I opened the zipper and I pulled out a small baggie with white powdery substance inside, which I took downstairs to be tagged as evidence. I notified Detective Jones what I'd found and where I found it. And I believe it was at that time we made the decision to arrest Mrs. Wise on possession.
 Q And has this substance that you pulled from the purse been tested at BCI?
A Yes, it has.
 Q And did it test positive for a controlled substance?
A Yes, it did.
T. at 28-29.
Detective Story further testified he extended his search of the home to wherever he thought he would find the items listed in the warrant. T. at 30.
By memorandum filed August 20, 1997, the trial court relied on U.S. v. Ross (1982), 456 U.S. 798, and concluded the following:
 In the instant case, the search warrant authorized search of the home located at 900 Lincoln Avenue, Lancaster, Ohio. The officers had a warrant to search the entire house, anywhere that methamphetamine, cocaine, other controlled substances, drug paraphernalia, books, records, currency and other items used in the use, sale and preparation for sale of controlled substances drugs, drug paraphernalia may be found. These items could reasonably be found inside a purse. The purse searched by Detective Storey was within the house subject to the search warrant. It would be unreasonable and unduly burdensome to expect officers, when searching pursuant to a warrant, to determine whether each item to be searched actually belonged to the person named as a suspect in the warrant. The detectives had a search warrant to search the entire house, the purse was within the house, could reasonably contain the items named in the warrant, and therefore the purse was lawfully searched and the contraband lawfully seized.
We concur with the trial court's analysis and reliance onRoss. In Ross at 820-822, the United States Supreme Court held the following:
 A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. A warrant to open a footlocker to search for marijuana would also authorize the opening of packages found inside. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.
 This rule applies equally to all containers, as indeed we believe it must.
If appellant had been in possession of the handbag i.e., on her person, and said handbag was searched without her being mentioned in the warrant as an individual to be searched, we believe Ybarra would apply. However, we distinguish Ybarra from the case sub judice because appellant's handbag was but another container i.e., duffle bag, suitcase, briefcase or sewing box, within the premises to be searched under the authority of the warrant.[1]
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
[1] Although it can be argued a handbag is purely a feminine object, we find in modern times a handbag is just as gender neutral as a briefcase, suitcase or duffle bag.