OPINION
On April 4, 2000, Ohio State Highway Patrol Trooper Carrie Riebesell stopped appellant, Michael C. Kalb, for having a loud exhaust on his motor vehicle. Following an investigation, appellant was charged with loud exhaust in violation of R.C. 4513.22, driving under suspension in violation of R.C. 4507.02(D)(2), and operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3). Appellant had submitted to a breathalyzer test wherein the result was .117.
On May 2, 2000, appellant filed a motion to suppress challenging the state's compliance with the regulations of the Ohio Department of Health regarding alcohol breath testing. A hearing was held on September 18, 2000. At the conclusion of the hearing, the trial court denied the motion but ordered the state to produce certified copies of the breathalyzer's solution certificates within seven days.
On October 6, 2000, appellant pled no contest to driving under suspension in violation of R.C. 4507.02(D)(2) and driving under the influence in violation of R.C. 4511.19(A)(3). The remaining two charges were dismissed. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days on each count, one hundred seventy days suspended on each count in lieu of probation.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
 II DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW IN THE MANNER IN WHICH THE STATE WAS PERMITTED TO INTRODUCE EVIDENCE WITH REGARD TO DEFENDANT'S MOTION TO SUPPRESS.
 I, II
Appellant claims the trial court erred in denying his motion to suppress and in admitting certified copies of the breathalyzer's solution certificates (Court Exhibits 1 and 2) after the conclusion of the suppression hearing and without appellant or appellant's counsel being present. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Evid.R. 611 governs the mode and order of interrogation and presentation of witnesses and evidence. Subsection (A) states as follows:
 The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
Because the admission of the two exhibits was a necessary part of the trial court's decision on the motion to suppress, we will address it first. Appellant argues the trial court violated his right to due process of law when it permitted certified copies of the breathalyzer's solution certificates to be placed into evidence after the conclusion of the suppression hearing and without notice or the right to cross-examine them.
At the suppression hearing, Trooper Fred Cook testified to the calibration of the breathalyzer machine and had the original records with him. September 18, 2000 T. at 19. The pages which made up the solution certificates were referred to by Trooper Cook and were marked as State's Exhibits B and C. Id. at 19-20. As to these documents, the trial court stated "and then what we'll do once we're finished, then the bailiff can make photocopies of them and I'll make the decision on whether to admit these documents or not." Id. at 19. Trooper Cook verified the exhibits were "the original document that comes packaged with the solutions". Id. at 23. At the conclusion of the hearing, the trial court overruled appellant's objections to State's Exhibits B and C (Id. at 42), but ordered the state to substitute the exhibits with certified copies within seven days:
 With respect to the Ohio Department of Health Regulations, um, and specifically the exhibits concerning the (pause) certificates, um, the Court, uh, will allow the State, uh, seven days in order to produce a certified copy of these certificates. (Pause) Otherwise, the Court will grant Mr. Wood's motion in that respect. If the State produces the certificates within seven days then, um, and we're here for probable cause, um, so I need to, I will allow the production of those documents. It's been asserted that they're authentic documents. Uh, if, if the certification, the actual stamp or certification is all that is needed, the Court will allow leave to produce those documents.
Id. at 48.
The substitute exhibits were presented to the trial court and marked as Court Exhibits 1 and 2. These exhibits are certified copies identical to State's Exhibits B and C. We find the trial court provided notice of these procedures to appellant and we note there was no objection on the record. The exhibits are identical to those marked at the suppression hearing save the certification by the Ohio Department of Health. We fail to find any violation of appellant's right to due process or confrontation.
Appellant also argues the evidence presented at the suppression hearing was deficient because the state did not show substantial compliance with the regulations of the Ohio Department of Health regarding alcohol testing of his breath specimen. Specifically, appellant challenges the authenticity of the "Certificate of Solution Analysis" (Appellant's Brief at 3) regarding the specific batch or lot target values because said certificate is not an original record of the law enforcement agency. Appellant argues that only an original certificate (which is self-authenticating) or a copy certified by the custodian of the Ohio Department of Health is admissible. We find the substitute exhibits, Court Exhibits 1 and 2, are certified copies of the specific batch or lot target values as noted in the certificates. The certifications by the Ohio Department of Health are on the reverse side of the certificates. The substitute certificates are identical on their face to those presented and testified to at the suppression hearing. September 18, 2000 T. at 19-23.
Based upon our review, we find the trial court did not err in finding substantial compliance with the directives for calibration of the breathalyzer sub judice.
Assignments of Error I and II are denied.
The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed.
 ___________________ Farmer, J.
Gwin, P.J. and Hoffman, J. concur.