OPINION
In February of 2000, the Mansfield Police Department conducted an internal investigation regarding the illegal use of scanners by members of their police force. Lieutenants interviewed appellant, Patrolman Jeffrey McKinley, on February 25, 2000 and March 7, 2000. Thereafter, appellant was charged with two counts of falsification in violation of R.C. 2921.13, one count of obstructing official business in violation of R.C. 2921.31 and one count of interference with civil rights in violation of R.C. 2921.45.
Appellant filed four motions to suppress his statements made during the interviews, claiming failure to advise him of his rights, violations ofGarrity v. New Jersey (1967), 385 U.S. 493, and contractual immunity. A hearing was held on August 10, 2000. By judgment entry filed September 29, 2000, the trial court suppressed appellant's statements as to the interfering with civil rights charge pursuant to Garrity and dismissed said count.
A jury trial on the remaining charges commenced on July 25, 2001. The jury found appellant guilty as charged.
On July 30, 2001, appellant filed motions to dismiss, set aside the jury verdict and for new trial. By judgment entry filed August 30, 2001, the trial court denied said motions.
By judgment entry filed October 26, 2001, the trial court sentenced appellant to an aggregate term of six months in jail, four months suspended, and imposed fines totaling $2,500.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO SUPPRESS DEFENDANT-APPELLANT'S STATEMENTS GIVEN ON FEBRUARY 25, 2000 AND MARCH 7, 2000 CONTRARY TO THE REQUIREMENTS OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AS INTERPRETED BY GARRITY V. N.J. (1967)."
 II "THE TRIAL COURT DENIED DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS."
 III "BECAUSE OF PROSECUTORIAL MISCONDUCT, APPELLANT WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I §§ 1, 10 AND, 16 OF THE OHIO CONSTITUTION."
 IV "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SUSTAIN APPELLANT'S MOTIONS TO DISMISS MADE PURSUANT TO CRIMINAL RULE 29 THEREBY DEPRIVING APPELLANT OF DUE PROCESS OF LAW."
 I
Appellant claims the trial court erred in failing to suppress his statements. We agree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
The very limited issue raised in appellant's motion to suppress and this assignment of error is whether the granting of immunity given pursuant to Garrity v. State of New Jersey (1967), 385 U.S. 493, extends to false statements given during a police internal affairs department interview. The exact language of the Garrity rule is as follows:
 "We now hold the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic." Garrity at 500.
The Garrity language given sub judice was as follows:
 "I, Jeffrey, T. McKinley, am giving the following statement by reason of an order from a superior officer, advising me that refusal to obey could result in disciplinary action. In view of possible job forfeiture, I have no alternative but to abide by this order. However, it is my belief and understanding that the Division of Police requires this statement solely and exclusively for internal administrative purposes; that it will be held as confidential and not released to any other agency without my approval unless mandated to do so by competent authority, or as necessary for disciplinary proceedings and appeals of such proceedings." See, Appellant's Motion to Dismiss filed June 14, 2000.
 "Because this is an administrative and not a criminal investigation, the Division of Police will not use any of the answers or information gained from the interview in any criminal proceeding against you. Further, the Division of Police will not release this information to any other agency without your approval and will hold it as confidential, except as mandated by an appropriate and competent authority or as necessary for disciplinary proceedings and appeals of such proceedings." See, Exhibit A, attached to Appellant's Supplement filed June 16, 2000.
 Garrity encompasses the philosophy that internal affairs departments "must be given the latitude to conduct investigations to ensure the continued integrity of the department. * * * Without such a mandate, the lAD cannot ensure the integrity and trustworthiness of the department's officers and the public cannot be assured of the propriety of placing its trust in these public servants." Jones v. Franklin County Sheriff
(1990), 52 Ohio St.3d 40, 44. Included in this philosophy is the premise that once immunity is granted, the interviewee will answer truthfully.
Ohio only recognizes by statute transactional immunity (R.C. 2939.17
and R.C. 2945.44). Included in both of these statutes is the provision that an immune person can be prosecuted for violating R.C. 2921.11
(perjury), R.C. 2921.12 (tampering with evidence) or R.C. 2921.13
(falsification).
Given the basic philosophy expounded by Justice Wright in Jones and Ohio's statutory transactional immunity, we find that despite theGarrity provisions, a person can be prosecuted for falsification during an internal affairs interview and investigation.
Our inquiry cannot stop with this answer. Within the warning given by the investigators is the promise "the Division of Police will not use any of the answers or information gained from the interview in any criminal proceeding against you." With this statement, appellant was assured that he could speak freely without the threat of criminal prosecution. The "Division of Police" specifically promised not to use "any of the answers" against appellant. By so promising, they precluded the use of any of appellant's statements against him in a criminal proceeding. Although we find such a promise to be contra to the philosophy ofGarrity, any statements given with this carte blanc promise of immunity are protected. One must assume that the voluntariness of appellant's answers were predicated on this promise of unconditional immunity. Such a promise can be as coercive as a direct threat or the exertion of subtle pressure. Blackburn v. Alabama (1960), 361 U.S. 199; Leyra v. Denno
(1954), 347 U.S. 556.
We realize that our ruling today may send a message that it is all right to give false information in a Garrity area. We do not mean to condone such possibility. Our ruling is limited to the unnecessary "carte blanc" immunity given in this case to force the statements from appellant. We find it was error to permit the use of appellant's statements at trial.
Assignment of Error I is granted. The remaining assignments of error are moot.
The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby reversed.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court of Richland County, Ohio is reversed.
Costs to appellee.