OPINION
{¶ 1} On September 12, 2001, officers of the Heath Police Department were dispatched to the Hometown Inn on a call of vandalism or some type of domestic disturbance. Upon arriving at the scene, the officers observed a vehicle in the parking lot with two back license plates. During their investigation, the officers encountered appellant, Devonne Hale. The officers asked about the vehicle in the parking lot to which appellant replied he had rented the vehicle from Alamo Rent-a-Car. In order to substantiate this claim, appellant went to the vehicle to retrieve "paperwork." The officers observed marijuana residue in the vehicle. Appellant refused to allow the officers to search the vehicle, and locked the keys inside the vehicle. A K-9 unit was called to the scene and the dog alerted the vehicle. The fire department was called and entry was gained into the vehicle. The officers searched the vehicle and retrieved crack cocaine.
 {¶ 2} On September 21, 2001, the Licking County Grand Jury indicted appellant on one count of possession of crack cocaine in violation of R.C. 2925.11.
 {¶ 3} Appellant filed a motion to suppress on November 27, 2001. A hearing was held on December 20, 2001. By judgment entry filed same date, the trial court denied the motion.
 {¶ 4} On January 23, 2002, appellant pled no contest to the charge. The trial court found appellant guilty. By judgment entry filed February 21, 2002, the trial court sentenced appellant to four years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 6} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} Appellant argues the officers did not have a reasonable suspicion of criminal activity to justify their request for paperwork concerning the vehicle. The state argues appellant lacked standing to challenge the search of the vehicle since it was stolen, and the initial contact with appellant was consensual and did not violate his constitutional rights.
 {¶ 10} During the suppression hearing, a representative from Alamo Rent-a-Car, Keith Yeager, testified that on May 30th at 9:13 p.m., a 2001 Jeep Grand Cherokee was rented to a Mr. Jeff Thompson, and was returned at 9:38 p.m. the same day. T. at 6-7. The vehicle was returned to the lot and was not seen again until the Heath Police Department called and stated they had it in their impound lot. T. at 7-8. The vehicle did not have any open contracts on it, and appellant did not rent the vehicle. T. at 8. The subject vehicle was missing until its recovery by the Heath Police Department on September 12th. T. at 9, 22.
 {¶ 11} When the officers arrived at the Hometown Inn on September 12th, they observed only one vehicle in the parking lot, a Grand Cherokee Laredo. T. at 26, 29. The vehicle had two license plates affixed to the back of the vehicle. T. at 26-27. The vehicle was parked in front of appellant's room. T. at 26. Officer Eric Rardain knocked on the door and appellant opened the door. T. at 29. Officer Rardain identified himself and questioned appellant about the vehicle. T. at 29-30. Appellant claimed to have rented the vehicle from Alamo Rent-a-Car. T. at 30. Officer Rardain asked if he had any information to substantiate the claim and appellant answered in the affirmative and grabbed his car keys and exited the room. Id. Appellant went to the vehicle, unlocked it and began searching for the rental agreement. T. at 31. At this time, Officer Rardain observed "shake or stems and seeds" that appeared to be marijuana. T. at 31-32. Officer Rardain questioned appellant about his observation and appellant stated it was from a cigar. T. at 33. Appellant then exited the vehicle, threw his keys on the driver's seat and locked the vehicle. Id. Thereafter, a K-9 unit was called and the dog alerted the vehicle. T. at 33-34. The fire department was called to gain entry into the vehicle. T. at 34. As Officer Rardain began searching the vehicle, appellant admitted there was "dope" in the center console. Id. "Dope" is a common term for crack cocaine or cocaine. Id.
 {¶ 12} Because appellant was never legally in possession of the vehicle and the vehicle had been missing from Alamo Rent-a-Car for some three months, we find appellant lacked any standing to challenge the search of the stolen vehicle. See, Rakas v. Illinois (1978), 439 U.S. 128. Also, the initial police contact was predicated on the lone suspicious vehicle with two back license plates, parked in front of appellant's room. This alone satisfies the reasonable suspicion of criminal activity requirement of Terry v. Ohio (1968), 392 U.S. 1.
 {¶ 13} When Officer Rardain knocked on the door and inquired of appellant of the ownership of the vehicle, they were in fact engaged in a consensual encounter that is not prohibited by Terry. See, Terry,
supra, at fn. 16; Florida v. Bostick (1991), 501 U.S. 429. Appellant voluntarily grabbed his car keys, exited the room and opened the vehicle, enabling Officer Rardain to observe the marijuana residue. We find apart from the lack of standing to challenge the search, the suspicious plates, the marijuana residue in the vehicle and the inability of appellant to verify ownership led to a valid constitutional search of the vehicle. The trial court did not err in denying the motion to suppress.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
topic: motion to suppress — search of vehicle at hotel room