OPINION
{¶ 1} On February 24, 2002, at approximately 9:50 p.m. Newark Police Officers Melanie Mummey and Cochran arrived at an accident scene wherein Appellant had hit a parked car. Upon investigation, Officer Mummey cited appellant for driving under the influence in violation of R.C. 4511.19.
 {¶ 2} On May 20, 2002, appellant filed a motion to suppress and/orin limine, challenging the request for field sobriety tests and claiming that the officers lacked reasonable suspicion to request field sobriety tests and lacked probable cause to arrest appellant. A hearing was held on April 10, 2002. By judgment entry filed April 22, 2002, the trial court denied said motion.
 {¶ 3} Appellant entered a plea of no contest on April 19, 2002.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. The sole Assignment of Error is as follows:
ASSIGNMENT OF ERROR
 I.
 {¶ 5} "APPELLANT WAS DENIED HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION BECAUSE THE OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT FOR OMVI."
 I. {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections 3.12-3.19.
 {¶ 9} Appellant does not argue that Officer Mummey lacked probable cause to stop him under Terry because he had been involved in a two-car automobile accident. Appellant challenges whether there was sufficient evidence to arrest him for driving under the influence.
 {¶ 10} When asked upon what she based her arrest of appellant, Deputy Mummey testified to the following:
 {¶ 11} "Based upon pretty much Mr. Shea's, the light odor of alcohol on his breath. At one point he did blow into my face, when not asked to do so. I could definitely smell the alcohol at that point. Also his mannerisms, the bloodshot eyes, laughing at absolutely nothing, rambling on about absolutely nothing when not asked any questions. And also the refusal of the field sobriety once we explained to him numerous times that to gauge whether or not he was intoxicated we needed that test and again he refused." T. at 9.
 {¶ 12} Officer Mummey concluded that the accident, coupled with the bloodshot eyes, the slight odor of alcohol, the unusual behavior and the refusal to perform the field sobriety tests were sufficient indicia of being under the influence. Id.
 {¶ 13} Probable cause is not an exact science and rests upon the personal and sometimes subjective observations of the officer. Upon review, we find there were sufficient operable facts to substantiate the arrest for driving under the influence.
 {¶ 14} Appellant's sole Assignment of Error is denied.
 {¶ 15} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed. Costs to Appellant.
By Boggins, J., Gwin, P.J. and Edwards, J. concur.