OPINION
{¶ 1} Appellant Karla Lyons appeals the decision of the County Court of Morrow County that denied her motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On May 26, 2001, as Patrolman William Eusey arrived at the Mount Gilead Police Department, for his shift, the dispatcher notified him that someone from Kroger's Grocery Store called and reported a possible drunk driver driving a small gray vehicle. Patrolman Eusey responded to the dispatch. As Patrolman Eusey approached Kroger's, he observed a small gray vehicle pulling out of the parking lot. Patrolman Eusey followed the vehicle. While doing so, he observed the vehicle swerve back and forth and eventually cross the white line, on the right side of the road, by approximately one foot to one and a half feet. After making this observation, Patrolman Eusey activated his lights and stopped appellant's vehicle.
 {¶ 3} At her arraignment, appellant entered a plea of not guilty. Thereafter, defense counsel filed a motion to suppress. In her motion, appellant alleged Patrolman Eusey lacked reasonable articulable suspicion to stop her vehicle. The trial court disagreed and overruled her motion to suppress. Subsequently, appellant entered a plea of no contest and the trial court sentenced her accordingly.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 5} "I. The trial court erred as a matter of law by overruling defendant's motion to suppress, where the law enforcement officer had no reasonable and articulable suspicion to stop the defendant's car for driving under the influence of alcohol."
 I {¶ 6} In her sole assignment of error, appellant claims the trial court erred when it overruled her motion to suppress because Patrolman Eusey lacked reasonable articulable suspicion to stop her vehicle. We disagree.
 {¶ 7} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37, reversed on other grounds.
 {¶ 8} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any give case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 9} In the case sub judice, appellant challenges the trial court's findings of fact concerning whether Officer Eusey had reasonable articulable suspicion to stop her vehicle. Accordingly, we must determine whether the trial court's findings of fact are against the manifest weight of the evidence. In its judgment entry denying appellant's motion to suppress, the trial court concluded, for purposes of the issue raised on appeal, that there was independent verification of the tip and that Patrolman Eusey had reasonable suspicion to stop appellant' vehicle. Judgment Entry, Nov. 16, 2001, at 1.
 {¶ 10} The courts have recognized three categories of informants: (1) citizen informants; (2) known informants, i.e., those from the criminal world who have previously provided reliable tips; and (3) anonymous informants, who are comparatively unreliable. Id. at 300. The "reasonable suspicion" needed to initiate a Terry stop is a less demanding standard than probable cause. Therefore, reasonable suspicion "* * * can arise from information that is less reliable than that required to show probable cause." Alabama v. White (1990), 496 U.S. 325,330. Thus, a tip from a less reliable informant can provide sufficient basis for a Terry stop if the tip can be corroborated by independent police investigation. Id. at 329.
 {¶ 11} In the matter currently under consideration, we must determine whether independent police investigation, based upon the tip received from a caller at Kroger's Grocery Store, provided sufficient basis for the stop of appellant's vehicle. We find that it did. The record, from the hearing on appellant's motion to suppress, establishes that the caller indicated a possible drunk driver, in a small, gray Mercury, with three occupants, pulling out of the Kroger's Grocery Store's parking lot headed westbound. Tr. Supp. Hrng., Nov. 15, 2001, at 5, 18. Patrolman Eusey never discovered who placed the phone call from Kroger's Grocery Store. Id. at 16.
 {¶ 12} Upon arriving on the scene, Patrolman Eusey observed appellant's vehicle, matching the description and number of occupants, and began following it on Marion Road. Id. at 6, 26, 27, 31. As he followed appellant's vehicle, he observed the vehicle weaving within the marked lane of travel for approximately one quarter of a mile. Id. at 6, 20, 27-28. Thereafter, appellant's vehicle crossed the white line, on the right side of the road, by approximately one foot to one and a half feet. Id. at 6, 21. Based upon the tip he received from Kroger's Grocery Store and his observation of appellant weaving within the marked lane of travel and eventually crossing the white line on the right side of the road, Patrolman Eusey believed he had reasonable articulable suspicion to stop appellant's vehicle. Id. at 21.
 {¶ 13} In support of her argument, appellant cites our decision inState v. McCormick (Aug. 27, 1999), Coshocton App. No. 99-CA-5, wherein we stated:
 {¶ 14} "Appellant argues the information which the officer received from the dispatcher contained no indicia of reliability. The State did not demonstrate the officer knew who had made the call. The officer was able to corroborate the description of the vehicle, the presence of the child, and appellant's name. None of these facts, however, are indicative of any illegal activity. The caller reported appellant had been drinking, and that was the only indication of wrongdoing. It was also the only fact the officer was unable to verify independently. We find where the officer can only corroborate neutral details, the officer lacks reasonable suspicion for an investigatory stop." Id. at 2.
 {¶ 15} Based upon the testimony presented by Patrolman Eusey, we find the case sub judice distinguishable from the McCormick case. Although Patrolman Eusey did corroborate neutral details of the tip, i.e., the color and make of the vehicle, the number of occupants and the location of the vehicle, Patrolman Eusey did observe driving that indicated appellant was intoxicated.
 {¶ 16} Further, this Court, in previous decisions, has found reasonable and articulable suspicion to exist where a defendant's vehicle never crossed the center line, but the tires merely touched the center line and the vehicle drifted in its lane and crossed the white line one time on the right side of the road. See State v. Glenn (Dec. 4, 1995), Licking App. No. 95-37. We also upheld a stop where the defendant's vehicle drifted once within his lane of travel and straddled the white edge line approximately fifty feet before exiting the highway. State v.Pennington (May 14, 1996), Richland App. No. 95 CA 71.
 {¶ 17} Therefore, we conclude Patrolman Eusey, through independent police investigation, based upon the tip received from a caller at Kroger's Grocery Store, observed behavior indicating wrongdoing which provided reasonable articulable suspicion for the stop of appellant's vehicle. The trial court's decision denying appellant's motion to suppress is not against the manifest weight of the evidence.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the County Court of Morrow County, Mount Gilead, Ohio, is hereby affirmed.
By: Wise, J., Farmer, J., and Boggins, J., concur.