NELSON, Appellee,

v.

PLEASANT, Appellant.

[Cite as *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479.]

Court of Appeals of Ohio,
Lawrence County.

No. 1921.

Decided May 6, 1991.

*J.B. Collier, Jr.,* for appellee.
*William J. Berry,* for appellant.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas, Probate–Juvenile Division, finding Randolph Pleasant, defendant below and appellant herein, to be the father of Brock Smith, d.o.b. March 9, 1982 (hereinafter referred to as "the minor child") and ordering him to pay child support on behalf of the said minor child. From that judgment, appellant assigns the following error:

"The court erred in denying the appellant's motion for judgment on the pleadings, and refusing to dismiss the action on the basis of res judicata."

The record reveals the following facts pertinent to this appeal. On August 9, 1988, Siratweena Nelson, plaintiff below and appellee herein, commenced the parentage action below by filing her complaint alleging that she was the natural mother of the minor child and appellant was the natural father. Appellee demanded judgment for, among other things, an order recognizing appellant as the father of the minor child, as provided in R.C. Chapter 3111, and directing him to pay child support on behalf of the minor child.

On December 13, 1988, appellant filed his answer denying that he was the father of the minor child and demanding that the action be dismissed.[1] In addition, appellant alleged that he had, in a prior judicial determination, been found not to be the father of the minor child. Although appellant attached no copy of the prior judgment entry, he nevertheless averred that he was unable to locate any record of the prior case on the court's docket.

On the same basis, appellant filed a motion for judgment on the pleadings on December 19, 1988, and argued that the complaint should be dismissed on

---

**1.** The record does not reveal any reason for the delay in appellant's answer being filed nor does it reveal any leave of court to file it out of rule.

the grounds that the prior judicial proceedings had rendered the issue of the minor child's paternity *res judicata*. On February 16, 1989, the court below entered judgment overruling appellant's motion.[2] In ruling on the motion, the court noted the following provisions from the agreed entry: appellant was to pay appellee $20 per week, although no purpose for these payments were mentioned; such payments were to continue until the minor child's eighteenth birthday; and appellee released appellant from all claims against him. After reviewing these terms, the court came to the following conclusion:

"It is clear that the plaintiff had no right to 'bargain' her child's right to have his paternity established. We know that a parent cannot give up child support in return for a promise of no visitation. The child has the right to support. He also has the right to have his paternity established. Therefore, the matter to dismiss is overruled. It is so ORDERED."

Subsequently, the matter came on for hearing on July 14, 1989, at which time results of blood tests revealed a 99.50 percent probability that appellant was the biological father of the minor child. At that point, appellant admitted that he was the father of the minor child.

On July 25, 1989, the court below entered judgment establishing appellant as the father of the minor child and ordering that he pay bi-weekly child support. From such entry, this appeal follows.

The substance of appellant's argument on appeal is that the previous judgment decree, settling a prior paternity dispute between the parties, rendered the issue of the minor child's parentage *res judicata* below and, therefore, the trial court erred *both* in failing to grant him judgment on the pleadings and in failing to later dismiss the action. This is, essentially, two separate arguments and we shall address them individually.

Initially, we note that although the action below took place in front of a juvenile division of the common pleas court, the Civil Rules of Procedure apply rather than the Juvenile Rules. See R.C. 3111.08(A); Juv.R. 1(C)(4). Accordingly, a motion for judgment on the pleadings under Civ.R. 12(C) is permissible in a parentage action. The determination of such a motion is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117; see, also, *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 4, 525 N.E.2d 1374, 1377. Thus, in considering such a motion, one looks only to

---

2. Although a file stamped copy of this judgment is contained in the record, there is no notation of it made on the docket sheet contained therein.

the face of the complaint. *Hughes v. Robinson Memorial Portage Cty. Hosp.* (1984), 16 Ohio App.3d 80, 82, 16 OBR 85, 87, 474 N.E.2d 638, 640.

Appellant has cited us to no authority, and we are aware of none, which supports the proposition that the defense of *res judicata* may properly be invoked in a motion for judgment on the pleadings. However, this issue has been addressed with respect to other provisions of the Civil Rules to which we now turn for guidance. A motion for judgment on the pleadings has been characterized as merely a belated Civ.R. 12(B)(6) motion. See 4 Anderson, Ohio Civil Practice (1987) 358, Section 152.5. Indeed, the same standards of review are applied to both motions. *Sabolsice v. Armm Coal Co.* (June 27, 1989), Lawrence App. No. 1874, unreported, at 5, 1989 WL 74876; *McKenzie v. Beers* (Dec. 21, 1990), Pickaway App. No. 89CA16, unreported, 1990 WL 252989 (Stephenson, J., concurring). Thus, it is appropriate to examine whether the issue of *res judicata* may be raised in the context of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6).

The affirmative defense of *res judicata* is not properly raised in a Civ.R. 12(B)(6) motion because it requires reference to materials outside the complaint (*i.e.*, the previous action upon which the defense is based) and, therefore, is a matter which should be raised on summary judgment. *Johnson v. Linder* (1984), 14 Ohio App.3d 412, 415, 14 OBR 531, 533, 471 N.E.2d 815, 817; *Stephens v. Boothby* (1974), 40 Ohio App.2d 197, 199–200, 69 O.O.2d 189, 190–191, 318 N.E.2d 535, 536–537. Similar application has been made by the federal courts in applying the equivalent federal rule. See, *e.g., Foye v. United A.G. Stores Cooperative, Inc.* (D.Neb.1972), 336 F.Supp. 82, 83.

In applying these principles to the cause *sub judice*, we note that in order to sustain appellant's motion for judgment on the pleadings, the court below would have had to review matters outside the face of the complaint in order to establish that a prior judgment on the matter had been entered. Such recourse would have clearly violated the standards of review under Civ.R. 12(C). See *Peterson, supra,* 34 Ohio St.2d at 165–166, 63 O.O.2d at 264–265, 297 N.E.2d at 116–117; *Hughes, supra,* 16 Ohio App.3d at 82, 16 OBR at 86, 474 N.E.2d at 640. Although the court below erred in reviewing the prior judgment in overruling appellant's motion, its decision to deny judgment on the pleadings was proper.

We next consider whether the court below, notwithstanding its correct decision to deny judgment on the pleadings, erroneously failed to subsequently dismiss the action on the grounds of *res judicata*. As stated previously, the judgment is an agreed entry, filed September 16, 1982, whereby appellant agreed to pay $20 per week, plus poundage, to the Lawrence County Probate

Court until such time as the minor child's eighteenth birthday.[3]  While the entry does not specify the purpose of these payments, the document explicitly states that it was executed under authority of R.C. 3111.07.[4]  The agreed entry then goes on to state the following:

"The Plaintiff having accepted the aforementioned payment by the Defendant in full satisfaction of, and does hereby release and forever discharge the said Defendant from all claims of said Plaintiff arising from the aforementioned Complaint and from the matters complained of therein, including but not limited to, any claim for medical expenses incurred and any claim to any sum which, for the terms of this Agreed Journal Entry might be payable for the period from the date of the birth of said child until the eighteenth (18th) birthday of said child."

Under current law, the parties to a parentage action may enter a compromise agreement, subject to the approval of the court and before judgment is entered, wherein the disputed parent-child relationship will not be determined, but the parent will undertake a specific economic obligation in favor of the child.  R.C. 3111.19.  The agreed entry at issue herein would appear to satisfy these requirements.[5]

It is well-settled law that under the doctrine of *res judicata,* a final judgment between parties to litigation is conclusive as to all claims or issues previously litigated.  See, *e.g., National Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180; *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, at paragraph one of the syllabus.  The same principle has been applied to hold that a determination of parentage in an agreed dissolution decree or legitimation order will bar

---

3.  Although the agreed entry specifies that payments were to be made to the *probate* court, we presume that the paternity action, from which this prior judgment arose, was commenced in juvenile court which would have been the court with statutory jurisdiction.  See R.C. 3111.06.

4.  The provisions of R.C. 3111.07 were repealed effective June 29, 1982, when the Ohio General Assembly adopted a modified version of the Uniform Parentage Act.  See Am.Sub. H.B. No. 245, 139 Ohio Laws, Part I, 2170.  It would appear that the agreed entry at issue herein was executed after the repeal of R.C. 3111.07 and, therefore, cannot be sanctioned under that provision.  Nevertheless, the General Assembly adopted new R.C. 3111.19 at the same time which allows for the parties to a parentage action, under certain circumstances, to enter a compromise agreement.  See 139 Ohio Laws, *supra,* at 2190.  Consequently, the agreed entry at issue herein will be governed, if at all, by the provisions of the new statute.

5.  The statute also requires the court to consider the probability of determining the parent-child relationship at trial as well as those factors set forth in R.C. 3111.13 with respect to establishing the economic obligation undertaken by the disputed parent.  Although the agreed entry at issue herein does not specify that these requisites were satisfied, appellee has not attacked the validity of that agreement and, therefore, we do not address those issues.

a subsequent paternity action. *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956, at the syllabus. We can perceive of no reason why the same principle should not be applied to an agreed entry under R.C. 3111.19 as it did to the agreed orders at issue in *Gilbraith.*

The agreed entry previously executed by the parties below is specifically sanctioned by statute and, by all appearances, was a final order terminating the proceedings.[6] Thereafter, the issue of the minor child's parentage was left undisturbed, for nearly six years, until the action was brought below. In holding that such action was barred by *res judicata*, we are mindful of the following admonition by the Ohio Supreme Court in *Gilbraith, supra* at 131, 512 N.E.2d at 961:

"The establishment and maintenance of the various aspects of the relationship between parent and child is a particularly intricate, sensitive and emotional process with which courts should be reluctant to interfere. In those cases where * * * the matter of parentage is determined with finality * * *, the policy of this state requires, in sum, that the parent-child relationship be shielded from the unsettling effects of further judicial inquiry, and that relitigation of parentage be barred, as a general rule, in any subsequent actions, including those initiated under R.C. Chapter 3111."

Appellee advances several arguments in rebuttal. First, she relies on the provisions of R.C. 3111.04(B) to the effect that "an agreement" does not bar a parentage action from being brought. While this provision may first appear to conflict with R.C. 3111.19, the Supreme Court has resolved the apparent conflict by holding that the provision is "limited * * * to those agreements ordinarily made outside the judicial process, and that it is not intended to apply when there is a *final judicial resolution* of rights and obligations on the basis of an underlying agreement * * *." (Emphasis added.) *Gilbraith, supra,* at 130, 512 N.E.2d at 960. In that the agreed entry at issue herein appears to have been made inside the judicial process as a final judicial resolution of the rights and obligations of the parties below, R.C. 3111.04(B) clearly does not apply.

Appellee further argues that the agreed entry was not a final determination of the minor child's paternity and then cites us to *Collett v. Cogar* (1988), 35

---

**6.** The agreed entry does not *specifically* dismiss the prior action or enter judgment for one of the parties. However, the determination of whether an order is "final" in nature is dependant upon the effect which it has on the pending action. See *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171–1172. By undertaking an economic obligation on behalf of the child in exchange for a release of all claims arising from that action, it is obvious that the effect of the agreed entry was to end that action, thus making it a final order for purposes of applying the doctrine of *res judicata.*

Ohio St.3d 114, 518 N.E.2d 1202, for the proposition that *res judicata* cannot be invoked without such a determination. We disagree.

In *Collett,* the issue posited to the court was whether a mere signed paternity declaration rose to the level of a prior judgment for purposes of invoking the doctrine of *res judicata. Id.* at 115, 518 N.E.2d at 1203. The court answered this question in the negative stating that such a document does not have the force of a court order or judgment. *Id.* By contrast, the agreed entry before us was signed by the court and journalized. Clearly, this is a much more significant matter.

Moreover, the following portion of R.C. 3111.19 explicitly provides that the compromise agreement envisioned by the statute need not determine the parent/child relationship in order to be effective:

"After an action has been brought and before judgment, the alleged father and the mother may, subject to the approval of the court, compromise the action by *an agreement in which the parent and child relationship is not determined* but in which a specific economic obligation is undertaken by the alleged parent in favor of the child. * * * " (Emphasis added.)

Thus, while the agreed entry at issue herein does not resolve the paternity issue between appellant and the minor child, the statute clearly does not require such a result. To impose such a requirement where it is explicitly excused by statute would be to legislate in derogation of the General Assembly and we decline the invitation to do so. For these reasons, we hold that the agreed entry is sufficient to invoke the doctrine of *res judicata* under *Gilbraith, supra.*

Accordingly, appellant's assignment of error is sustained and the judgment is reversed. Under App.R. 12(B), final judgment is entered in favor of appellant.

*Judgment reversed.*

HARSHA and GREY, JJ., concur.