OPINION
On January 2, 2001, Newark Police Officer Doug Bline stopped appellant, Ivan Burton, for speeding. Upon investigation, Officer Bline discovered appellant did not have a valid driver's license. Officer Bline placed appellant in the police cruiser and conducted an inventory search of the vehicle wherein he found crack cocaine inside the glove compartment. On March 2, 2001, the Licking County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11.
On April 12, 2001, appellant filed a motion to suppress, claiming an illegal search. A hearing was held on May 23, 2001. By judgment entry filed August 13, 2001, the trial court denied said motion.
On August 22, 2001, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to five years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO SUPPRESS FILED BY THE DEFENDANT-APPELLANT.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Appellant argues the inventory search of his vehicle without a warrant was unlawful. Appellant argues the search was not made in good faith nor was it a valid inventory search.
As pointed out by appellee, the State of Ohio, this court does not need to discuss the validity of the inventory search of the vehicle because said search was made incidental to the arrest. Appellee cites two cases in support, State v. Gibson (December 7, 1994), Summit App. No. 16699, unreported, and State v. Lowry (June 17, 1997), Ross App. No. 96CA2259, unreported. Both cases cite to a United States Supreme Court case, NewYork v. Belton 1981), 453 U.S. 454. The Bellton court held "where officers observe marijuana prior to an automobile search, such officers have probable cause to search the automobile for additional marijuana or evidence of marijuana use." Gibson at 3; Lowry at 6.
Officer Bline testified he observed appellant's vehicle in the area of a known drug house, followed it and clocked it going 37 m.p.h. in a 25 m.p.h. zone. T. at 6-8. Officer Bline stopped appellant whereupon appellant admitted to having no driver's license or driving privileges. T. at 9. Officer Bline arrested appellant for driving under suspension, handcuffed him and placed him in the police cruiser. T. at 9, 11. Back-up officers arrived and Officer Bline commenced an inventory search of the vehicle. T. at 10-11. The search led to the discovery of crack cocaine in the glove compartment. T. at 11.
In United States v. Ross (1982), 456 U.S. 798, 825, the Supreme Court of the United States held "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." In examining the overlap of Belton and Ross, Professor Lewis R. Katz explained the following:
 The two rules overlap, however, and when considered together will permit warrantless searches in an overwhelming number of cases. The Belton rule permits a search of the interior compartment of the vehicle only, and all containers found within that compartment, following any `custodial arrest' of an occupant of the vehicle. There need not be independent probable cause to believe that weapons or evidence will be found in the compartment. Consequently, anytime a motorist is stopped for an offense that under the Code permits an arrest, rather than mandates issuance of a summons, the officer may conduct a search of the interior compartment or any container in that compartment that arouses his curiosity.
 Katz, Ohio Arrest, Search and Seizure (2001 Ed.) 231, Section 12.5.
The suspicion or cause to believe there would be evidence of a crimesub judice is the observation of appellant immediately preceding his arrest. Officer Bline was observing a "known drug house" and witnessed appellant's vehicle pull in to the driveway of the house and quickly pull out. T. at 6, 8. Officer Bline was in a marked cruiser and believed he "had been made." T. at 8. Under Belton, after a lawful arrest, an officer with reasonable curiosity or suspicion, such as described in this case, can conduct a warrantless search of the vehicle.
Further, after examining the record, it is clear that Officer Bline was in fact conducting a valid inventory search. The vehicle's only passenger, the driver, was under arrest and back-up police had been called for assistance. The search was done pursuant to the requirements of the Newark Police Department. T. at 11-12. Appellant argues the search was not a valid inventory search because the wrecker was not called until after the discovery of the drugs. T. at 24. Officer Bline testified he did not call the wrecker right away because "I wasn't going to be needing it right away because I need to take photographs and I didn't have a camera in my cruiser and somebody had to go back and get that." T. at 23. In examining the totality of the circumstances, we find a valid inventory search given Officer Bline's testimony.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
By Farmer, J., Gwin, P.J., and Wise, J. concur.