OPINION
{¶ 1} On September 4, 2002, Joe Carafelli, a Canton City Fire Investigator, interviewed appellant, Marsha Davidson, regarding a fire started in a duplex on July 11, 2002. The interview took place within the Stark County Jail as appellant was being held on misdemeanor warrants. During the interview, appellant admitted to starting the fire.
 {¶ 2} On October 7, 2002, the Stark County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02. On October 18, 2002, appellant filed a motion to suppress claiming she was never read her Miranda rights prior to the interview. A hearing was held on November 4, 2002. By judgment entry filed November 14, 2002, the trial court denied the motion.
 {¶ 3} On November 18, 2002, appellant pled no contest to the charge. By judgment entry filed November 21, 2002, the trial court found appellant guilty and sentenced her to three years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred when it overruled the appellant's motion to suppress her written and oral statements to Fire Investigator Carafelli."
 I {¶ 6} Appellant claims the trial court erred in denying her motion to suppress her statements given to Fire Investigator Carafelli. We agree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenged the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, " as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} Essentially, the facts are not in dispute. Appellant was incarcerated at the Stark County Jail on unrelated misdemeanor charges. T. at 17. She was taken from and returned to her cell by a deputy. T. at 12. Mr. Carafelli interviewed an unshackled appellant in an interview room with the door open. T. at 8-9. Mr. Carafelli was seated at the desk and identified himself as a fire investigator. T. at 8. Appellant explained she never returned his calls because she was afraid to do so. Id. Mr. Carafelli explained he had heard the victim's side of the story and now wanted appellant's version. T. at 9. The victim had stated he believed appellant had started the fire. T. at 20. There was no attempt to afford appellant her rights as defined in Miranda v. Arizona (1966),384 U.S. 436.
 {¶ 9} We find the United States Supreme Court's decision in Mathisv. United States (1968), 391 U.S. 1, 4-5, to be controlling:
 {¶ 10} "The Government also seeks to narrow the scope of theMiranda holding by making it applicable only to questioning one who is `in custody' in connection with the very case under investigation. There is no substance to such a distinction, and in effect it goes against the whole purpose of the Miranda decision which was designed to give meaningful protection to Fifth Amendment rights. We find nothing in theMiranda opinion which calls for a curtailment of the warnings to be given persons under interrogation by officers based on the reason why the person is in custody. In speaking of `custody' the language of the Miranda
opinion is clear and unequivocal:
 {¶ 11} "`To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized.' 384 U.S., at 478,86 S.Ct., at 1630.
 {¶ 12} "And the opinion goes on to say that the person so held must be given the warnings about his right to be silent and his right to have a lawyer."
 {¶ 13} In the case sub judice, the officer interviewing appellant was a firefighter assigned to arson investigation. Appellant was clearly the focus of the investigation. She was in jail, taken from her cell to the interview room by a jailer and returned to her cell by the jailer. The test in this case is considering all the surrounding circumstances, whether a reasonable person in appellant's position would have believed she was not free to leave. Berkemer v. McCarty (1984), 468 U.S. 420,442.
 {¶ 14} Based upon the fact pattern in this case, we find, for purposes of Miranda, appellant was in custody at the time of her questioning and was entitled to be informed of her constitutional rights. The trial court erred in not suppressing appellant's statements to Mr. Carafelli.
 {¶ 15} The sole assignment of error is granted.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J., Gwin, P.J., and Boggins, J., concur.