OPINION
{¶ 1} On August 2, 2002, Alliance Police Department Patrolman James Hilles stopped a vehicle being driven by one Nathaniel Crump. Patrolman Hilles believed Mr. Crump's driving privileges had been suspended. Appellant, Christopher Harrington, was a passenger in the vehicle. Upon investigation, Mr. Crump was arrested for driving under the influence and driving under suspension. Appellant was arrest for tampering with evidence in violation of R.C. 2921.12, possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a) and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). The Stark County Grand Jury indicted appellant on these charges on September 6, 2002.
 {¶ 2} On September 25, 2002, appellant filed a motion to suppress, claiming unreasonable stop, search and arrest. A hearing was held on October 9, 2002 on the unreasonable stop issue only. By judgment entry filed October 15, 2002, the trial court denied said motion.
 {¶ 3} On October 16, 2002, appellant pled no contest to the charges. By judgment entry filed October 21, 2002, the trial court found appellant guilty. By judgment entry filed November 25, 2002, the trial court sentenced appellant to a total aggregate term of two years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, " as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} Appellant argues Patrolman Hilles did not have "reasonable and articulable suspicion" to stop the vehicle. Appellant's Brief at 4. Appellant argues Patrolman Hilles could have verified his suspicion of Mr. Crump not having a valid driver's license by running a "LEADS" computer check. We disagree given the facts in this case.
 {¶ 9} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 10} Patrolman Hilles testified he identified Mr. Crump driving a vehicle and from prior incidents, he knew Mr. Crump did not have a valid driver's license. T. at 7, 11, 16. Patrolman Hilles had stopped Mr. Crump in February of 2002 and at that time his driver's license was under suspension. T. at 11. Patrolman Hilles testified he knew "[a]s of February he was on a noncompliance suspension that was going to be in for the entire year, and I was aware that he would not have any driving privileges the entire year." T. at 12. After Patrolman Hilles decided to stop the vehicle, he noticed the license plate was obscured (red spray paint across the plate so it could not be read). T. at 7-8. After the stop, a computer check verified Mr. Crump did not have a valid driver's license. T. at 7.
 {¶ 11} What sets this case apart from an officer merely following a hunch is Patrolman Hilles's specific knowledge that Mr. Crump was under suspension for an entire year and his previous stop, by Patrolman Hilles, was six months prior to the stop sub judice. T. at 11-12. Further, Patrolman Hilles had "dealt" with Mr. Crump "so many times" before this stop. T. at 16-17.
 {¶ 12} Given Patrolman Hilles's personal knowledge of Mr. Crump and the specific nature of his driving status, we find reasonable suspicion and articulable facts to be present sub judice. Upon review, we find the trial court did not err in denying the motion to suppress.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.