OPINION
{¶ 1} On October 7, 2002, the Licking County Grand Jury indicted appellant, Quandre Body, on one count of possession of crack cocaine in violation of R.C. 292511, one count of carrying a concealed weapon in violation of R.C. 2923.12, and one count of possession of marijuana in violation of R.C. 2925.11.
 {¶ 2} On December 3, 2002, appellant filed a motion to suppress, claiming unreasonable stop and search. A hearing was held on December 23, 2003. By judgment entry filed December 27, 2002, the trial court denied said motion.
 {¶ 3} On January 3, 2003, appellant pled no contest to the charges. By judgment entry filed May 13, 2003, the trial court sentenced appellant to a total term of six months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Committed Harmful Error In Denying The Motion To Suppress Filed By The Defendant-appellant."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 9} On the evening in question, the arresting officer, Captain Robert Phillips, Jr. of the Newark Police Department, was in an unmarked vehicle in plain clothes in the parking lot of The Duchess Shop. T. at 6-7. Captain Phillips was on assignment investigating underage purchases of alcohol through a program called "Cops in Shops." Id. A vehicle being operated by appellant pulled up to the right side of Captain Phillips's vehicle. T. at 8. Captain Phillips observed appellant and the passenger in the vehicle pass a "plastic bag, like sandwich size bags, clear bag being passed back and forth, which appeared to be material in it that would be consistent with marijuana." Id. Captain Phillips testified "[i]t was obvious it was not a sandwich in the bags, the sandwich size bag. It appeared to be a substance in there that was consistent with what marijuana would be." T. at 11. Captain Phillips has been with the Newark Police Department for over twenty-three years and has years of experience in handling and identifying marijuana, and is familiar with the use of small plastic sandwich bags for storage of marijuana. T. at 6, 11.
 {¶ 10} It is clear based upon Captain Phillips's training, experience and observations, he witnessed the offense of possession of marijuana. The facts sub judice are beyond reasonable suspicion and involved the observation of a criminal offense.
 {¶ 11} Upon review, we find the trial court did not err in finding the stop and detention of appellant fulfilled the requirements of Terry,
supra.
 {¶ 12} The sole assignment of error is denied.
 {¶ 13} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.