[Cite as *Zimmerman v. Patricia E. Zirpolo Trust*, 2011-Ohio-814.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADRIENNE MONNOT ZIMMERMAN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| PATRICIA E. ZIRPOLO TRUST | : | Case No. 2010CA00271 |
| C/O PAUL MILANO, TRUSTEE | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Probate Division, Case No. 209161


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      February 22, 2011


APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee

J. SEAN KEENAN                      TREVOR A. LYKE
200 Market Avenue North             1375 South Main Street
Suite 300                           Suite 202
Canton, OH  44702                   North Canton, OH  44720

*Farmer, J.*

{¶1}   Appellant, Adrienne Monnot Zimmerman, is the mother of Charles, Guinevere Anna, and Grayson Oliver.  The children are named beneficiaries under the Patricia Zirpolo Trust.  Mrs. Zirpolo passed away in April of 2008 and was appellant's grandmother.  Appellee, Paul Milano, is trustee of the trust and was Mrs. Zirpolo's nephew.

{¶2}   Starting in 2010, appellant requested from appellee a copy of the trust document.  Appellee declined to give appellant a copy.

{¶3}   On June 4, 2010, appellant filed a complaint against appellee under R.C. 5808.13, claiming appellee was obligated to give a copy of the trust to the beneficiaries, as well as any applicable reports.

{¶4}   A pretrial was held on July 21, 2010.  By judgment entry filed September 1, 2010, the trial court denied appellant's request for a copy of the trust document.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE PROBATE COURT'S JUDGMENT THAT THERE IS A CONFLICT OF INTEREST WHICH PREVENTS APPELLANT FROM BEING A PROPER REPRESENTATIVE FOR HER MINOR CHILDREN IS CONTRARY TO LAW."

II

{¶7}   "THE PROBATE COURT'S JUDGMENT THAT THERE IS A CONFLICT OF INTEREST WHICH PREVENTS APPELLANT FROM BEING A PROPER

REPRESENTATIVE FOR HER MINOR CHILDREN IS WITHOUT SUFFICIENCY OF EVIDENCE."

I, II

{¶8} Appellant claims the trial court erred in finding a conflict existed between her and her children, the beneficiaries of the trust, and there is no record evidence to support the trial court's conclusions.

{¶9} The state of the record consists of the parties' pleadings and exhibits, as well as a scheduled pre-trial. We note a memorialization of the pre-trial was not filed. Also, there are sealed exhibits attached to the case file.

{¶10} Because of the state of the record, with no pending motions of either party before the trial court pursuant to the rules of civil procedure, the only vehicle by which the trial court could consider the case was a Civ.R. 12(C) motion for judgment on the pleadings which states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶11} As stated by this court in *Estate of Heath v. Grange Mutual Casualty Company,* Delaware App. No. 02CAE05023, 2002-Ohio-5494, ¶8-9:

{¶12} "The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ. R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion

for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

{¶13} "A reviewing court need not defer to the trial court's decision in such cases. *Id.* A Motion for a Judgment on the Pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosia* (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Id.*"

{¶14} Employing this standard, we find the motion for judgment on the pleadings was in error. The trial court examined the unredacted trustee agreement and made factual findings which were beyond the four corners of the pleadings:

{¶15} "Defendant provided the Court with a copy of the trust document that is not redacted under seal.

{¶16} "Following review of the trust document, it is clear that the Trustee is not to provide any information about the trust proceeds to the beneficiaries. Additionally, the beneficiaries shall have no information about the proceeds until the time they are entitled to receive the proceeds.

{¶17} "***

{¶18} "In this case, Plaintiff does not meet the requirements of Ohio Revised Code § 5803.03 as there is a conflict between her and the children. Plaintiff was

disinherited by the Decedent and is not a proper representative for the minor children in this case."

{¶19}  Assignments of Error I and II are granted.

{¶20}  The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


_s/Sheila G. Farmer_____


_s/W. Scott Gwin_____


_s/John W. Wise_____ _____


                    JUDGES


SGF/sg 209

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ADRIENNE MONNOT ZIMMERMAN :
          :
  Plaintiff-Appellant     :
          :
-vs-           :     JUDGMENT ENTRY
          :
PATRICIA E. ZIRPOLO TRUST   :
C/O PAUL MILANO, TRUSTEE   :
          :
  Defendant-Appellee   :    CASE NO. 2010CA00271

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.  Costs to appellee.

_s/Sheila G. Farmer_____

_s/W. Scott Gwin_____

_s/John W. Wise_____ _____

JUDGES