[Cite as *BAC Home Loans Servicing, LP v. Willison*, 2012-Ohio-2898.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | |
| MARK F. WILLISON, ET AL. | Case No. 11CA125 |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2010CV1079

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 26, 2012

APPEARANCES:

For Plaintiff-Appellee

PATRICIA K. BLOCK
120 East Fourth Street
Suite 800
Cincinnati, OH 45202

For Defendants-Appellants

THOMAS L. MASON
P.O. Box 345
153 West Main Street
Ashland, OH 44805-0345

*Farmer, J.*

{¶1} On August 19, 2010, appellee, BAC Home Loans Servicing, LP, filed a complaint in foreclosure against appellants, Mark Willison and Linda Tucker, for failure to pay on an outstanding note and mortgage. Appellants filed a purported answer on August 31, 2010. They did not dispute any of the claims in the complaint and were attempting to work out a loan modification. After the loan modification fell through, appellee filed a motion for judgment on the pleadings on August 5, 2011. By order filed November 28, 2011, the trial court granted the motion.

{¶2} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE PLAINTIFF-APPELLEE JUDGMENT ON THE PLEADINGS WHERE THE DEFENDANTS'-APPELLANTS' ANSWER WAS MADE ON A FORM SUPPLIED BY THE TRIAL COURT WHICH DID NOT CONFORM TO OHIO RULE OF CIVIL PROCEDURE 8 AND WHICH, DUE TO ITS FORM, MADE THE APPELLANTS UNDULY SUSCEPTIBLE TO JUDGMENT ON THE PLEADINGS."

II

{¶4} "THE PLAINTIFF-APPELLEE IS NOT THE REAL PARTY IN INTEREST ENTITLED TO FORECLOSURE."

I

{¶5} Appellants claim the trial court erred in granting appellee's motion for judgment on the pleadings under Civ.R. 12(C) because the "paper" they filed was not a

pleading as it was made on a form supplied by the trial court which failed to conform to Civ.R. 8. We disagree.

{¶6} Civ.R. 12(C) states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶7} As stated by this court in *Estate of Heath v. Grange Mutual Casualty Company,* Delaware App. No. 02CAE05023, 2002-Ohio-5494, ¶8-9:

{¶8} "The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ. R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

{¶9} "A reviewing court need not defer to the trial court's decision in such cases. *Id.* A Motion for a Judgment on the Pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosia* (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all

material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Id.*"

{¶10} Civ.R. 8 governs general rules of pleading. Subsections (B) through (F) state the following:

{¶11} "**(B) Defenses; form of denials**

{¶12} "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make the denials as specific denials or designated averments or paragraphs, or the pleader may generally deny all the averments except the designated averments or paragraphs as the pleader expressly admits; but, when the pleader does intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Civ. R. 11.

{¶13} "**(C) Affirmative defenses**

{¶14} "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of

consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation.

{¶15} "**(D) Effect of failure to deny**

{¶16} "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

{¶17} "**(E) Pleading to be concise and direct; consistency**

{¶18} "(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

{¶19} "(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. All statements shall be made subject to the obligations set forth in Rule 11.

{¶20} "**(F) Construction of pleadings**

{¶21} "All pleadings shall be so construed as to do substantial justice."

{¶22} The "paper" appellants filed on August 31, 2010 was made on a form provided to defendants in foreclosure actions. It is captioned "Answer in Mortgage Foreclosure Case." Appellants argue their answer to Question No. 8 should not be construed as an admission to the facts set forth in the foreclosure complaint:

{¶23} "8. Do you dispute any of the statements made in the complaint? No.

{¶24} "If you do dispute the statements in the complaint, state the reasons you dispute them. Attach an additional sheet if you don't have enough room to write below: (You may want to seek the help of an attorney in answering this question).

{¶25} "Currently in modification plan for reduced payment. Called BAC on 8-24-10 & the advised loan is assigned to underwriter & could take up to 45 days before we have an answer, advised us to call back at least every other week, and also advised us to hold on to ½ payments that we were sending until we have answer."

{¶26} Appellants now argue they were not properly informed by the supplied form that they could have had defenses to the action, in particular, a real party in interest defense under Civ.R. 17. We disagree and note the form contains a caution that advice of counsel may be necessary to answer the complaint. The "paper" complies with the mandates of Civ.R. 8 and is in fact an "answer," although it does include issues unrelated to what a proper answer may include. We are loath to criticize a trial court that goes the extra mile in assisting defendants subject to foreclosure by providing a form for answer to avoid unnecessary costs, delays, and default.

{¶27} Once the trial court reviewed the answer, it referred the case to conciliation and stayed the case:

{¶28} "It is hereby ORDERED that this case is referred to the Richland County Mortgage Conciliation Program.***

{¶29} "***

{¶30} "A referral of a case to the Mortgage Conciliation Program shall constitute a stay of all proceedings. The court will hold in abeyance ruling on any and all motions dispositive in nature until the court is satisfied that the terms and conditions of the Mortgage Conciliation Program have been fully met." Referral to Conciliation (Foreclosure) filed September 10, 2010.

{¶31} Some five months later, the trial court removed the case from conciliation, finding the following:

{¶32} "Defendants have complied with the requirements of the Richland County Mortgage Conciliation Program; however, they do not qualify for any home retention workout option at this time.

{¶33} "Plaintiff is entitled to pursue judgment and any future efforts for loss mitigation may be implemented after judgment. Therefore, this case is hereby removed from the Richland County Mortgage Conciliation Program and returned to the court's regular litigation track." Judgment Entry filed February 15, 2011.

{¶34} On August 5, 2011, appellee filed a motion for judgment on the pleadings under Civ.R. 12(C). In response, appellants filed a memorandum on September 16, 2011, raising the defenses of failing to properly assign the mortgage to appellee and appellee was not the real party in interest. No objections were raised to Counts 3 and 4 of the complaint: reformation of the mortgage's omission of the legal description of the subject property and the marital status of the parties.

{¶35} Based upon the purposes of notice pleading, we find the "answer" filed conforms to Civ.R. 8 and the trial court did not err in interpreting the statements therein as an admission of default. We note the trial court addressed the issue of the real party in interest in its November 28, 2011 order even though the issue was omitted as a defense in the answer.

{¶36} Assignment of Error I is denied.

II

{¶37} Appellants claim the trial court erred in finding appellee was the real party in interest and the assignment filed along with the complaint was valid. We disagree.

{¶38} The original note in this case was given to America's Wholesale Lender, a New York corporation with a California address. The mortgage was given to Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), a Delaware corporation with a Michigan address. Thereafter, MERS assigned the mortgage in Texas to Countrywide Home Loans, Inc. which is located in Texas. Countrywide in turn assigned the mortgage to appellee.

{¶39} During oral argument, appellants raised the issue of whether Counts 3 and 4 of the complaint (reformation of the mortgage) were resolved by the trial court's December 22, 2011 finding and decree in foreclosure and reformation of mortgage. We note the trial court addressed the issue in the decree as follows:

{¶40} "The Court finds that as the result of a mistake by the plaintiff's predecessor, the mortgage executed by the primary defendants and delivered by them to plaintiff's predecessor in interest did not include the legal description included with the mortgage; and plaintiff is further entitled to an order of this Court decreeing the property

as described in Exhibit 'A' attached hereto be sold by the sheriff of this county at sheriff's sale.

{¶41} "The Court finds that as the result of a scrivener's error and mutual mistake of fact between the parties thereto, the granting clause and the acknowledgment clause in the mortgage executed by the primary defendants and delivered by them to plaintiff, does not contain the marital status of the mortgagors. Plaintiff is entitled to have the subject mortgage be reformed to reflect that Mark F. Willison, unmarried and Linda Tucker, unmarried."

{¶42} In its November 28, 2011 order, the trial court addressed the issue of the mortgage assignment as follows:

{¶43} "The court finds that the Mortgage and Promissory Note were properly assigned and transferred to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, the Plaintiff in this action, and therefore Plaintiff is the real party in interest pursuant to Ohio R. Civ. P. 17."

{¶44} As noted by the trial court, the assignment to appellee was made prior to the filing of the foreclosure complaint and was attached to the complaint. Also attached as Exhibits A and B were the mortgage and note which evidenced that appellee had physical possession of the documents.

{¶45} Despite appellants' argument that the mortgage was assigned in Texas as opposed to Michigan where MERS was located, we find this specter does not raise facts that properly challenge the mortgage assignment. No evidence contrary to the trial court's conclusion was ever presented.

{¶46} Assignment of Error II is denied.

{¶47} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 601

[Cite as *BAC Home Loans Servicing, LP v. Willison*, 2012-Ohio-2898.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARK F. WILLISON, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11CA125 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellants.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES