[Cite as *Sheet Metal Workers Internatl. Assn. Local Union No. 33 v. Courtad, Inc.*, 2012-Ohio-4812.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| SHEET METAL WORKERS | : | W. Scott Gwin, P.J. |
| INTERNATIONAL ASSOCIATION | : | William B. Hoffman, J. |
| LOCAL UNION NO. 33 | : | Julie A. Edwards, J. |
| | : | |
| Plaintiff-Appellant | : | Case No. 2012CA00080 |
| | : | |
| -vs- | : | |
| | : | O P I N I O N |
| | : | |
| COURTAD, INC. | | |
| | | |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:      Civil Appeal from Stark County
Court of Common Pleas Case No.
2012CV00168

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      October 9, 2012

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

DIANA M. ROBINSON      DAVID M. LENEGHAN, ESQ.
MARILYN L. WIDMAN      K. SCOTT CARTER, ESQ.
Allotta, Farley & Widman Co. LPA      200 Treeworth Blvd., Suite 200
2222 Centennial Road      Broadview Heights, Ohio 44147
Toledo, Ohio 43617

*Edwards, J.*

{¶1} Plaintiff-appellant, Sheet Metal Workers International Association Local Union No. 33, appeals from the April 10, 2012, Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Judgment on the Pleadings filed by defendant-appellee Courtad, Inc.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On January 17, 2012, appellant Sheet Metal Workers International Association Local Union No. 33 filed a complaint in the Stark County Court of Common Pleas against appellee Courtad, Inc. pursuant to R.C. 4115.03 ct. seq. Appellant, in its complaint, alleged that appellee had violated Ohio's prevailing wage laws. Appellant alleged in its complaint that previously, on September 28, 2011, it had filed a prevailing wage complaint against appellee with the director of the Ohio Department of Commerce, Division of Labor and Workers' Safety, Bureau of Wage and Hour and that such complaint had not been ruled on. A copy of the prevailing wage complaint was attached as Exhibit A to the complaint filed in the Stark County Court of Common Pleas. The prevailing wage complaint lists David Coleman as the complainant.

{¶3} On February 21, 2012, appellee filed an answer to the complaint. Subsequently, on March 26, 2012, appellee filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C) and (H). Appellee, alleged in its motion, that appellant was not the real party in interest because the pleadings and exhibits showed that David Coleman, rather than appellant, had filed the prevailing wage complaint with the Department of Commerce. Appellee argued that appellant, therefore, lacked standing to file its complaint in the trial court under R.C. 4115.16(B). Appellant, on April

4, 2012, filed a memorandum in response to such motion. Attached to the memorandum was a letter dated September 26, 2011, from David Coleman to the Department of Commerce on union letterhead. Coleman, in such letter, indicated that he was filing the prevailing wage complaint on behalf of the appellant.

{¶4} Pursuant to a Judgment Entry filed on April 10, 2012, the trial court granted appellee's Motion for Judgment on the Pleadings.

{¶5} Appellant now raises the following assignment of error on appeal:

{¶6} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANT-APPELLEE, COURTAD, INC."

I

{¶7} Appellant, in its sole assignment of error, argues that the trial court erred in granting appellee's Motion for Judgment on the Pleadings.

{¶8} A motion for judgment on the pleadings presents only questions of law. *Luthy v. Dover,* 5th Dist. No. 2011AP030011, 2011–Ohio–4604, ¶ 13, citing *Dearth v. Stanley,* 2nd Dist. No. 22180, 2008–Ohio–487. In ruling on a motion for judgment on the pleadings, the trial court must construe the material allegations in the complaint and any reasonable inferences drawn therefrom in favor of the plaintiff. If it finds plaintiff can prove no set of facts entitling plaintiff to relief, the court must sustain a motion for judgment on the pleadings. *Boske v. Massillon City School Dist.,* 5th Dist. No. 2010–CA–00120, 2011–Ohio–580, ¶ 12, citing *Hester v. Dwivedi,* 89 Ohio St.3d 575, 2000–Ohio–230, 733 N.E.2d 1161. However, the complaint must allege sufficient facts to support any conclusions, and unsupported conclusions are not presumed to be true. *Id.*

**{¶9}** Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Giesberger v. Alliance Police Department,* 5th Dist. No. 2011 CA00070, 2011–Ohio–5940, at ¶ 18, citing *Flanagan v. Williams,* 87 Ohio App.3d 768, 623 N.E.2d 185 (4th Dist.1993).

**{¶10}** Our review of the trial court's decision granting judgment on the pleadings is de novo. *See, Hignite v. Glick, Layman & Assoc., Inc.,* 8th Dist. No. 95782, 2011-Ohio-1698. When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *Eagle v. Fred Martin Motor Co.,* 157 Ohio App.3d 150, 809 N.E.2d 1161, 2004–Ohio–829, ¶ 11 (9th Dist.). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). In considering such a motion, one must look only to the face of the complaint. *Nelson v. Pleasant,* 73 Ohio App.3d 479, 597 N.E.2d 1137 (4th Dist. 1991).

**{¶11}** At issue in the case sub judice is whether or not  the trial court erred in granting appellee's Motion for Judgment on the Pleadings on the grounds that appellant lacked standing to file a complaint in the Stark County Court of Common Pleas.  R.C. 4115.16(A) authorizes an "interested party" to file a complaint with the director of commerce alleging a prevailing-wage violation. If the director has not ruled on the merits of the complaint within 60 days, the interested party may file a complaint in the court of

common pleas of the county in which the violation allegedly occurred pursuant to R.C. 4115.16(B).

{¶12} The trial court, in its April 10, 2012, Judgment Entry, stated, in relevant part, as follows:

{¶13} "In this matter, the Court finds that the complaint filed with the director was done in the name of 'David Coleman.' While David Coleman may be the organizer of the Union, it does not appear that he filed the complaint with the director in his official capacity. Specifically, the complaint filed with the director, and attached to the complaint filed in this Court, lists him as 'David Coleman,' without a designation as to capacity within the Union. Further, he signed the complaint without such designation.[1] As such, this Court finds that the 'interested party' that filed the complaint with the director was David Coleman. As such, the proper plaintiff in this matter is David Coleman, not the Union.

{¶14} "Further, while the Union alleges in the complaint filed in this Court that it filed the complaint with the director (notably, without mention of David Coleman's involvement), such allegation is clearly contradicted by the attachment to the complaint, and insufficient to support a finding as to its standing. Accordingly, the Court finds that, while the Union may be an 'interested party' under R.C. 4115.16, it is not the proper party, with standing, to maintain the instant action."

{¶15} However, appellant specifically alleged in paragraph 21 of its complaint that, on September 28, 2011, it had filed a prevailing wage complaint against appellee

---

[1] "Although David Coleman, in his letter to the director of the Department of Commerce that accompanied his complaint, indicates that he is filing 'as interested party' on behalf of [the Union], such material was not attached to the pleadings and cannot be considered by the Court in its analysis of the instant motion. Further, even if such statement was considered, it is clear by the complaint filed with the director that he did not file it in such capacity." (Footnote from April 10, 2012, Judgment Entry).

with the Department of Commerce. A copy of the prevailing wage complaint attached as Exhibit A to the complaint filed in the Stark County Court of Common Pleas lists David Coleman was the complainant. The address listed for David Coleman on the prevailing wage complaint is the same as the address listed for appellant on the complaint filed in the trial court. Thus, construing the allegations in appellant's favor, there is a question of fact as to whether or not the prevailing wage complaint filed with the director of the Department of Commerce would be treated by the director as having been filed by David Coleman on behalf of appellant union or by David Coleman on his own behalf.

{¶16} Based on the foregoing, we find that the trial court erred in granting appellee's Motion for Judgment on the Pleadings.

{¶17} Appellant's sole assignment of error is, therefore, sustained.

{¶18} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Edwards, J.

Gwin, P.J. concurs and

Hoffman, J. dissents

_____

_____

_____

JUDGES

JAE/d0619

*Hoffman, J., dissenting*

{¶19}  I respectfully dissent from the majority opinion.

{¶20}  "Where an instrument attached to a complaint is inconsistent with the language in the complaint, the document, rather than the language of the complaint, will control."  *Williams and Co., Inc. v. Allied Sales of Columbus*, 1975 Ohio App. Lexis 8559, at p.7.[2]

{¶21}  Based on the foregoing authority, I believe the trial court correctly determined although the Union may be an "interested party" under R.C. 4115.16, it was not the proper party, with standing, to maintain the action.  I would affirm the trial court's judgment.

_____

HON. WILLIAM B. HOFFMAN

---

[2] Although this language is found in Judge Whitesides's dissenting opinion such proposition is not refuted in the majority opinion.  Judge Whiteside's dissent in *Williams & Co.* is premised upon the proper application of Civ.R. 10(D) as it relates to the sufficiency of a complaint to state a claim upon an account. Neither the majority nor Judge Whiteside's dissent involved a challenge to standing as presented in the case sub judice.

[Cite as *Sheet Metal Workers Internatl. Assn. Local Union No. 33 v. Courtad, Inc.*, 2012-Ohio-4812.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION NO. 33 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| COURTAD, INC. | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012CA00080 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES