OPINION
{¶ 1} On October 5, 2003, Ohio State Highway Patrol Trooper Paul Appleman stopped appellee, Kerri King, for driving left of center. Upon investigation, Trooper Appleman cited appellee for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19, failure to operate a motor vehicle within lanes of travel in violation of R.C. 4511.25 and failure to wear a safety belt in violation of R.C. 4513.263.
 {¶ 2} On November 25, 2003, appellee filed a motion to suppress, claiming Trooper Appleman lacked a reasonable and articulated suspicion for stopping her and lacked probable cause to arrest her. A hearing was held on January 26, 2004. By judgment entry filed March 18, 2004, the trial court agreed with appellee and granted the motion.
 {¶ 3} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred by granting defendant's motion to suppress evidence when it determined that the arresting officer lacked sufficient reasonably articulated suspicion of criminal activity to stop the defendant's vehicle."
 II {¶ 5} "The trial court erred by granting defendant's motion to suppress evidence when it determined that the officer lacked probable cause to arrest the defendant."
 I, II {¶ 6} Appellant claims the trial court erred in granting appellee's motion to suppress based upon a lack of reasonable and articulable suspicion of criminal activity and probable cause to arrest. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 9} Included within the above standards of review is the acknowledgement that great deference is to be given to the trial court's findings of fact.
 {¶ 10} After twice reviewing the videotape of appellee's driving, the trial court found Trooper Appleman's observation of appellee crossing the center line amounted to "one tire width at that point." T. 38. The trial court found the road "is fairly narrow. It's not like, there's wider two lane roads than 209 in that spot." T. at 36.
 {¶ 11} Using the totality of the circumstances test, we find that the trial court's decision, after observing the videotape of appellant's driving, is sustainable given the road and its conditions.
 {¶ 12} Although the trial court acknowledged that a de minimis violation may very well give rise to reasonable and articulable suspicion, this must be tempered by the road, its conditions and the observations of the trier of fact.
 {¶ 13} Based upon the above reasons, we find the trial court did not err in granting the motion to suppress.
 {¶ 14} The judgment of the Cambridge Municipal Court of Guernsey County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court of Guernsey County, Ohio is affirmed.