OPINION *Page 2 
{¶ 1} On June 28, 2005, the Richland County Grand Jury indicted appellant, Elizabeth Rader, on one count of involuntary manslaughter in violation of R.C. 2903.04 and one count of reckless homicide in violation of R.C. 2903.041. Said charges arose from the death of appellant's six month old son. Appellant had placed the child on a bed surrounded by pillows. Sometime during the evening, the child became wedged between the bed and the wall near a baseboard heater. Heat from the baseboard heater created injuries which resulted in the child's death.
 {¶ 2} On December 12, 2005, appellant filed a motion to suppress her statements made to a psychologist, Sharon Howe, during an evaluation for custody purposes requested by the Richland County Children Services Board. The evaluation had been conducted on September 23, 2005. A hearing was held on January 27, 2006. The trial court denied the motion.
 {¶ 3} A jury trial commenced on March 13, 2006. The jury found appellant guilty as charged. By amended judgment entry filed April 3, 2006, the trial court found reckless homicide to be an allied offense and sentenced appellant to a term of seven years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF SHARON HOWE IN VIOLATION OF THE PSYCHOLOGIST-CLIENT PRIVILEGE." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying her motion to suppress and permitting Dr. Howe to testify. Specifically, appellant claims the testimony violated R.C. 4732.19. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} R.C. 4732.19 governs privileged communications and states the following: *Page 4 
 {¶ 9} "The confidential relations and communications between a licensed psychologist or licensed school psychologist and client are placed upon the same basis as those between physician and patient under division (B) of section 2317.02 of the Revised Code. Nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
 {¶ 10} In In re Jones, 99 Ohio St.3d 203, 2003-Ohio-3182, syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "1. Statements made by an individual to a licensed psychologist or licensed independent social worker in the course of an examination ordered by a court for forensic purposes are not communications received `from a client in that relation,' R.C. 2317.02(G)(1), and are not protected as privileged communications pursuant to R.C. 4732.19 and former R.C. 2317.02, 147 Ohio Laws, Part III, 4686, 4702, as in effect prior to April 10, 2001, the effective date of 2000 Sub. H.B. No. 506.
 {¶ 12} "2. A psychological examination is considered to be for forensic purposes when it is ordered to assist the court in determining facts or making conclusions of law."
 {¶ 13} The Jones court addressed a similar fact situation although the matter involved a dependency/neglect action and did not extend into a criminal case. The mother in Jones was ordered to counseling as part of a treatment plan in the case plan. In the matter sub judice, the order for counseling was included in a case plan for "custody purposes" and was an "evaluation" as opposed to treatment. T. at 442-444.
 {¶ 14} The Jones court explained there is a distinction between court-ordered psychological evaluations and assessments, and psychological treatment and counseling. Treatment and counseling are privileged, evaluations and assessments are *Page 5 
not. Jones at ¶ 27-29. Applying this distinction to this case, we find Dr. Howe's evaluation was an evaluation and/or assessment and was part of a court-ordered case plan.[1] Therefore, the psychologist-client privilege did not attach to Dr. Howe's evaluation and she was permitted to testify.
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
[1] The record does not reflect a specific judgment entry; however, case plans pursuant to R.C. 2151.412 are part of court-ordered reunification plans. *Page 1