OPINION *Page 2 
{¶ 1} On July 11, 2007, the girlfriend of appellee, Gary Sullivan, called the Delaware County Sheriff's Office to report she and appellee had had an argument, and appellee left and was possibly drunk. Deputy Charles Gannon responded to the dispatch call. Deputy Gannon observed a vehicle matching the description given by appellee's girlfriend, and noticed it was traveling 20 m.p.h. in a 35 m.p.h. zone. Deputy Gannon activated his lights. Thereafter, appellee pulled into a drive-thru area of a restaurant and exited his vehicle. Upon investigation, appellee was cited for driving under the influence of alcohol in violation of R.C.4511.19 and impeding the flow of traffic in violation of R.C. 4511.22.
 {¶ 2} On September 10, 2007, appellee filed a motion to suppress. A hearing was held on November 7, 2007. By judgment entry filed December 6, 2007, the trial court granted the motion and suppressed all evidence seized after the traffic stop.
 {¶ 3} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN FINDING THAT THE FACTS OF THE CASE AS FOUND BY THE TRIAL COURT DID NOT PROVIDE THE ARRESTING OFFICER REASONABLE SUSPICION TO STOP THE VEHICLE."
 I {¶ 5} Appellant claims the trial court's conclusion that Deputy Gannon did not have reasonable articulable facts to initiate the stop of appellee is contrary to law. We agree. *Page 3 
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, " . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 7} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able *Page 4 
to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 8} Appellant does not contest the trial court's findings of fact, but argues that under the totality of the circumstances test, there were reasonable articulable facts to stop appellee. Appellee argues that "going too slow," 20 m.p.h. in a 35 m.p.h. zone, was not sufficient to stop him. Because no written transcript was provided pursuant to App.R. 9, we must accept as true the trial court's specific factual findings.
 {¶ 9} In reaching the decision sub judice, the trial court rejected the argument that there was a violation of R.C. 4511.22 (impeding the flow of traffic due to slow speed), and that the girlfriend's tip was reliable.
 {¶ 10} We may concur with the trial court that there is certainly questionable motivation regarding the girlfriend as the tipster. However, we find appellee's driving actions and Deputy Gannon's observations prior to the stop rise to the level of reasonable suspicion of driving under the influence.
 {¶ 11} From the trial court's factual findings, appellee was traveling 20 m.p.h. in a 35 m.p.h. zone for approximately seven miles with a stream of ten cars following behind him. Even disregarding the tip, we find this clearly raised a red flag to the deputy of some troubled driving. We find these observations are sufficient articulable facts to lead to a reasonable suspicion of criminal activity. The focus of the deputy's observation was the suspicion of impaired driving, not speed. *Page 5 
 {¶ 12} In State v. McCormick (February 5, 2001), Stark App. No. 2000CA00204, this court held that any traffic violation, even a de minimis violation, would form a sufficient basis upon which to stop a vehicle, and stated the following at 9:
 {¶ 13} "The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v. Wei master(Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, `* * * where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *' Id.
(Citations omitted)." See also, State v. Cook, Stark App. No. 2006 CA 00280, 2007-Ohio-4648.
 {¶ 14} A seven mile trek at fifteen miles below a low speed limit is sufficient to create reasonable suspicion. In particular, 20 m.p.h. in a 35 m.p.h zone is completely different than 50 m.p.h. in a 70 m.p.h. zone or 40 m.p.h. in a 60 m.p.h. zone. A speed of 20 m.p.h. is the lowest speed limit and is generally used for school zones where extreme caution is required.
 {¶ 15} Upon review, we find the trial court erred in granting appellee's motion to suppress.
 {¶ 16} The sole assignment of error is granted. *Page 6 
 {¶ 17} The judgment of the Municipal Court of Delaware County, Ohio is hereby reversed and remanded.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1