[Cite as *State v. Flynn*, 2012-Ohio-1554.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| MAGGIE FLYNN | : | Case No. 11-CA-0105 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

NUNC PRO TUNC



CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                  Case No. 11TRC3323



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 April 4, 2012



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JONATHAN C. DIERNBACH                     ANDREW T. SANDERSON
35 South Park Place                       21 West Church Street
Suite 35                                  Suite 201
Newark, OH  43055                         Newark, OH  43055

*Farmer, J.*

**{¶1}** On April 2, 2011, Ohio State Highway Patrol Trooper Jody Sawyers observed a vehicle make a right turn from the left hand driving lane without using the right hand turn lane. Trooper Sawyers effectuated a traffic stop. The vehicle was being operated by appellant, Maggie Flynn. Upon investigation, appellant was charged with driving while under the influence in violation of R.C. 4511.19(A)(1)(a) and (2), improper turn in violation of R.C. 4511.36, and failure to wear a seat belt in violation of R.C. 4513.263.

**{¶2}** On June 8, 2011, appellant filed a motion to suppress, claiming an illegal stop. A hearing was held on July 6, 2011. By judgment entry filed July 8, 2011, the trial court denied the motion.

**{¶3}** On October 14, 2011, appellant pled no contest to the charges. By judgment entry filed same date, the trial court found appellant guilty and sentenced her to one hundred eighty days in jail, one hundred sixty days suspended.

**{¶4}** Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

**{¶5}** "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

I

**{¶6}** Appellant claims the trial court erred in denying her motion to suppress. We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams* (1993), 86 Ohio App.3d 37.  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.*  As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶8}    In *Terry v. Ohio* (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."  However, for the propriety of a brief investigatory stop pursuant to *Terry,* the police officer involved "must be able

to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.

{¶9} The gravamen of the issue presented in this case is whether Trooper Sawyers's knowledge at the time of the stop was sufficient to support a reasonable articulable suspicion to warrant the stop. Appellant argues the video of the stop does not support the trooper's testimony that he observed her make a right turn from the left hand driving lane cutting across the designated right hand turn lane.

{¶10} Trooper Sawyers first observed appellant's vehicle coming out of a parking lot driving "kind of erratic." July 6, 2011 T. at 5. This caused him to follow the vehicle and continue his observation:

{¶11} "Q. And you mentioned what did you observe that you can see?

{¶12} "A: Uh…when we got to the intersection where uh…there is a Airport Road, I guess they consider it there to go back towards uh…Indian Mound Mall, uh…Kroger's is on the right and the Indian Mount Mall is on the left uh…the vehicle was in the left hand lane and there is two turn lanes beside it and the vehicle was in the left hand driving lane and turned across the right hand lane across through the berm into the parking lot for the Kroger parking area and White Castle also.

{¶13} "***

{¶14} "Q. Okay and you say she then…when she turned into the parking lot just cut across the right hand lane is that correct?

{¶15} "A. Right.

{¶16} "***

{¶17} "Q. Now it appears that she doesn't make a 90 degree turn so would it be fair to say she actually has to be in the right hand lane before she begins her turn?

{¶18} "A. She might have been over the…in the lane in that line but she did not go to the right hand lane to make that transition from the direct right hand lane into the parking lot. Do you understand what I am saying? There wasn't an immediate…there wasn't a lane change prior to the intersection prior to getting to the intersection." Id. at 6-7, 8, 12, respectively.

{¶19} At that point, Trooper Sawyers stopped appellant as she was in the White Castle drive-thru. Id. at 9.

{¶20} During rebuttal at the conclusion of the suppression hearing, the prosecutor admitted the video view was obstructed during the turn and "you can't see what she does exactly." Id. at 17. Defense counsel also stated there was "good and bad" in the video and appellant was "slowing down for the turn well before the intersection so it only makes since (sic) that she was also getting over." Id, at 16.

{¶21} The trial court heard the testimony of Trooper Sawyers and watched the video of the stop. In its judgment entry filed July 8, 2011, the trial court specifically found Trooper Sawyers observed an illegal turn:

{¶22} "For the reasons which follow the Court overrules the Defendant's Motion and rules that the Ohio State Highway Patrol Trooper, J. D. Sawyers, not only had a reasonable suspicion of criminal activity to justify the traffic stop but, in fact, he had probable cause to make the stop in as much as he observed the Defendant making an

illegal turn from the straight lane on State Route 79 in Heath Ohio onto the Kroger parking lot. Stated differently the Defendant was traveling northbound on State Route 79. There are two northbound lanes. She was in the left hand lane and made a right hand turn in the intersection traversing the right hand lane prior to entering the Kroger parking lot. Such a maneuver is clearly illegal pursuant to Ohio's traffic code. Moreover the only testimony presented was a video tape which was inconclusive and the officer's testimony which was not."

**{¶23}** Appellant challenges the trial court's findings on credibility of the trooper and observation of the video. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

**{¶24}** From our review of the video, we concur there is an obstructed view of appellant. However, the video does show a rapid, diagonal movement from the left hand driving lane into the Kroger/White Castle parking lot. We concur with the trial court's analysis that erratic driving was shown and it supported the trooper's testimony.

**{¶25}** Upon review, we find the trial court did not err in denying the motion to suppress.

**{¶26}** The sole assignment of error is denied.

{¶27} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

S / Sheila G. Farmer_____

_S /W. Scott Gwin_____

_S/ William B. Hoffman_____

JUDGES

SGF/sg 307

[Cite as *State v. Flynn*, 2012-Ohio-1554.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAGGIE FLYNN | : | (NUNC PRO TUNC) |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-0105 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed. Costs to appellant.


S / Sheila G. Farmer_____


_S /W. Scott Gwin_____


_S/ William B. Hoffman_____

JUDGES