[Cite as *State v. Tipton*, 2012-Ohio-5165.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2012CA00070 |
| CHRISTINE M. TIPTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Massillon Municipal Court,
Case No. 2011TRC5590


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 5, 2012


APPEARANCES:


For Plaintiff-Appellee                                    For Defendant-Appellant


| | |
|---|---|
| ROBERT A. ZEDELL | MICHAEL BOSKE |
| Massillon Law Department | 122 Central Plaza North |
| Two James Duncan Plaza | Canton, Ohio 44702 |
| Massillon, Ohio 44646 | |

*Hoffman, J.*

{¶1} Defendant-appellant Christine M. Tipton appeals her conviction for driving under the influence of alcohol entered by the Massillon Municipal Court. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 5, 2011, Appellant was involved in a one car accident on State Route 21 in Massillon, Ohio. The vehicle involved in the accident was turned on its roof and lay in a ditch on the west side of the road.

{¶3} Upon arrival at the scene of the accident, Officer Tom Rogers of the Massillon Police Department observed Appellant had bloodshot and glassy eyes, a strong odor of alcohol on her person, and difficultly speaking.

{¶4} Appellant was then transported to Affinity Medical Center, where a sample of her blood was drawn by a qualified technician at 1:44 a.m. The blood sample was later placed in a refrigerator at the Massillon Police Department the same night, and subsequently tested for alcohol at the Stark County Crime Lab with the result being 0.23%.

{¶5} Appellant was subsequently arrested and charged with driving under the influence, in violation of R.C. 4511.19(A)(1)(a) and operating a motor vehicle without reasonable control, in violation of R.C. 4511.202. Appellant entered a plea of not guilty to the charges.

{¶6} On September 22, 2011, Appellant filed a motion to suppress the evidence. On December 1, 2011, the state filed a response making all materials relevant to the motion available for inspection by counsel for Appellant. The trial court

heard the motion on December 28, 2011. Following the hearing, the trial court overruled the motion in part, finding the blood sample taken at the hospital to have been collected and handled in substantial compliance with the Ohio Department of Health Regulations. The trial court further granted Appellant leave to amend her motion to suppress to further challenge the testing procedures used at the Stark County Crime Lab. The record does not indicate any additional motions were filed by Appellant.

{¶7} On March 14, 2012, Appellant entered a plea of no contest to a violation of R.C. 4519.11(A)(1)(a). The trial court found Appellant guilty of the charge, imposing a sentence accordingly.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS, AS THE OFFICER DID NOT HAVE SUFFICIENT PROBABLE CAUSE TO ARREST APPELLANT FOR OVI.

{¶10} "II. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE RESULTS OF APPELLANT'S BLOOD TEST WHEN THE STATE FAILED TO PROVIDE EVIDENCE THAT IT SUBSTANTIALLY COMPLIED WITH THE OHIO DEPARTMENT OF HEALTH REGULATIONS REGULATING THE STORAGE AND TESTING OF BLOOD SAMPLES ACCORDING TO OHIO ADMINISTRATIVE CODE (OAC) 3701-53-01 ET SEQ."

I.

{¶11} In the first assignment of error, Appellant maintains the trial court erred in denying the motion to suppress as the state failed to demonstrate probable cause in the arrest herein.

**{¶12}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶13}** Appellant argues the evidence observed by Officer Rogers does not rise to the level of probable cause; therefore, any and all evidence, including the blood test, should be suppressed.

**{¶14}** Officer Rogers testified at trial he responded to a one vehicle accident on State Route 21 in which the vehicle involved was found on its roof. He further testified,

**{¶15}** "Q. Did you notice anything about Ms. Tipton when you spoke with her?

**{¶16}** "A. Um some of the things that she was saying were really sort of intelligible [sic] um her eyes were bloodshot and glassy um I could smell an alcoholic beverage um the odor was on or about her person but um as far as in regards to asking her a lot of questions um I left the fire department do what they needed to do.

**{¶17}** "Q. What did you do after the fire department was done with her?

**{¶18}** "A. As far as from the scene of the accident…

**{¶19}** "Q. Yes.

**{¶20}** "A. …I just gathered what information I needed from the scene of the accident and then I went to Affinity ER where they took Ms. Tipton.

**{¶21}** "Q. What action did you take at Affinity ER regarding Ms. Tipton?

**{¶22}** "A. I wanted to have blood drawn.

**{¶23}** "Q. Why did you want to have blood drawn?

**{¶24}** "A. Um do [sic] to the fact that the way her actions were out at the scene and when we were inside the ER, her eyes and then the smell of alcoholic beverage. I believe I had enough probable cause to believe the accident was caused from drinking.

**{¶25}** "Q. Did you believe her to be under the influence of alcohol?

**{¶26}** "A. Yes I did."

**{¶27}** Tr. at 6-7.

**{¶28}** We find Officer Rogers observations of the accident scene and of Appellant provided sufficient probable cause to support her arrest in the case sub judice. Officer Rogers observed Appellant's vehicle in a single car accident. He further observed her with bloodshot, glassy eyes and a strong odor of alcohol with difficulty

speaking. We find his observations provide sufficient probable cause Appellant was intoxicated while operating the vehicle. Appellant's first assignment of error is overruled.

II.

**{¶29}** In the second assignment of error, Appellant maintains the trial court erred in failing to suppress the results of the blood test or in finding the State had failed to comply with the Ohio Department of Health Regulations regarding collection and handling of the blood specimen.

**{¶30}** Appellant was not charged with a violation of R.C. 4519.11(A)(1)(f); rather, R.C. 4511.19(A)(1)(a) only. Upon review of the record, at the beginning of the hearing, Appellant withdrew the portion of the motion pertaining to the blood draw not being performed within three hours of the accident. The trial court granted Appellant leave to amend her motion to state with particularity those areas which Appellant wished to further challenge by amending her motion to suppress. Appellant's original motion asserted the state failed to comply with the Ohio Department of Health Regulations concerning the collection and handling of the blood specimen up to the point the sample was placed into evidence at the Massillon Police Department. Specifically, Appellant now maintains the witnesses did not have personal knowledge of how the sample was handled or tested; therefore, there was no evidence provided as to compliance with refrigeration requirements.

**{¶31}** Appellant did not specifically challenge the contents of the lab report or the test results. Appellant had an opportunity to amend her motion to suppress and to submit thereafter additional testimony concerning the lab report itself, the qualifications

of the personnel involved, and/or the procedure used concerning refrigeration.  We find Appellant failed to do so by failing to take advantage of the trial court's granting of leave to amend her motion and/or for further evidentiary hearing theron.

**{¶32}**  The second assignment of error is overruled.

**{¶33}**  The judgment of the Massillon Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTINE M. TIPTON | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012CA00070 |

For the reasons stated in our accompanying Opinion, the judgment of the Massillon Municipal Court is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE